Your Honor, at issue here today is a Texas state statute that is defined too broadly to support a federal sentencing enhancement, and there are two reasons why this Court should reverse and remand for re-sentencing. First, the Texas definition of firearm is broader than the federal definition, both in its text and in its application. Second, the way in which Texas considers prior convictions is categorically broader than the federal counterpart. To my first point, Your Honors, Texas defines firearm as a device that can expel a projectile through a barrel using energy generated by an explosion or a burning substance. Federal law defines firearm as a weapon that can expel a projectile by the action of an explosive, and I want to draw this Court's attention to one phrase in particular in each of them. In Texas, it's by an explosion or a burning substance. In federal law, it's by an explosive. Now Your Honors, I understand that this may seem like a distinction without a difference, but this has real-world implications, and I want to give you a concrete example of how that plays out, and this comes from a case called Boston v. State out of the Dallas Court of Appeals in 1998. On February 10, 1996, a man named Donnis DeWayne Boston pointed an air rifle capable of firing or propelling a small pellet with compressed air at an apartment complex security guard. He was told twice to freeze, and he placed the weapon on the ground. Texas prosecutors charged Mr. Boston with aggravated assault of a peace officer, but in doing so, the prosecutors made a slight mistake. In the charging instrument, they characterized it not as a deadly weapon, which is more encompassing, but instead they called it a firearm, and under Texas precedent, when you indict something a certain way, you actually have to prove it that way. So they were... It's kind of old-fashioned, isn't it? It is, absolutely, Your Honor, but they were in a bind in that case, so they actually had to prove that this air gun that uses compressed air to propel a .177 caliber pellet was a firearm, and ultimately it was a bench trial, and the judge found, as a matter of Texas law, that that air rifle met the definition of firearm, and that's found in 46.01 of the Texas Penal Code. Now, the case went up on appeal, and the Dallas Court of Appeals considered the question again, is this a firearm, and in doing so, the Court of Appeals focused in on this or in the Texas definition where it says, by an explosion or burning substance, because the defendant in the case was saying, this air rifle cannot be a firearm because there's no gunpowder, there's no combustion, and the court said, well, in the broadest sense of the word, and they relied on an expert below, a puff of compressed air can be an explosion, and the or tells us that it doesn't also have to be a burning substance. Now, Your Honor, that same gun cannot be a firearm under federal law. Federal law requires that it be shot with an explosive, with something that is combustible, and if you look, there is a section in the definition which talks about propellant, but in that case, the bore of the gun has to be one-half inch in diameter or greater. So consider Mr. Boston in this case. If he had a prior conviction, he would be subject to prosecution for unauthorized possession of a firearm in Texas, but he would not be subject to convicted felon in possession of a firearm under federal law, and I think this is a clear example of how the Texas definition of firearm is broader than the federal definition. So that deals kind of with the what, but I also want to follow up with that. Now, the government is surely going to cite a case called Mosley v. State out of the Court of Criminal Appeals in Texas. That's from 1976, and that is a case where the high court in Texas had a BB gun. In that case, they called it an air pistol, but it was a very similar type thing, and they actually reversed when that was called a firearm, but I'll say this, that the Boston court relied on Mosley when reaching its conclusion because Mosley, in its opinion for motion on rehearing, explicitly said, we're not ruling out air guns in all circumstances. We're only limiting it, in effect, to this case. So when the Boston case came out and they sentenced Mr. Boston, by the way, to 25 years imprisonment because they called an air gun a firearm, they actually looked at Mosley and said, based on this language in Mosley, we think that air guns aren't necessarily excluded, and in this case, we think it actually qualifies. So I think that's the case that they're going to rely upon, and that case has been interpreted by later courts as allowing for the use of air guns as firearms, again, which could not possibly be true under federal law. Now, I want to move to my second point, Your Honors, that Texas treats prior convictions more broadly in a categorical sense than the federal court, and specifically, I'm looking at a definition of felony under 46.04F2. That's within the Texas statute, unauthorized possession of a firearm, and there it says felony contains all the elements of an offense designated by the law of this state as a felony. Now, I want to give you a concrete hypothetical that illustrates the point I'm trying to make here. If I, for example, Your Honors, were found by federal authorities with a personal use, a small amount of cocaine or heroin, I would be punished under 21 U.S.C. 844 for a misdemeanor only. There, it says the maximum term of punishment for a small amount of a scheduled substance is up to a maximum of one year in prison. So that would be a misdemeanor under federal law. But let's say I had that conviction, and then I were caught with a gun in Texas. Under the Texas definition of felony, because the elements are the same as a Texas corollary statute, in that case, in the Texas Health and Safety Code, where it says that any amount of cocaine or heroin is, at a very minimum, a state jail felony. So let's say I have a misdemeanor conviction in federal court. If I were caught with a gun in Texas, it's unauthorized possession of a firearm. If I'm caught with a gun by federal authorities, I cannot be convicted of 922 G1, convicted felon in possession of a firearm. Again, that shows how the definition of felony here is broader. So you have essentially two elements to this crime. You have to possess a firearm, and you have to have a prior conviction of a felony. The firearm definition in Texas is broader. The felony definition of Texas is broader. In fact, if you look to the bottom of the government's brief on page 10, they concede that in the way that Texas defines felony, it defines it in three ways in 46.04F. In the last two ways, the government concedes are broader than the federal statute. Now, I believe the government today is going to argue that the Texas statute is divisible, seeking to employ the modified categorical approach to narrow it just to the one definition of felony that they think isn't necessarily broader. But I want to say to this court that the Texas definition of felony, the Texas statute of unauthorized possession of a firearm, is not a divisible statute. And I want to give you two reasons why. This court, or the United States Supreme Court, first discussed divisibility in Taylor versus United States. And that's the case where it created the formal categorical approach. And there it said that divisibility, the hallmark of divisibility, is jury unanimity. And it talked about it as the narrow range of cases where a jury would have to unanimously elect which one it's using in order to seek a conviction. So under that standard, for example, do we really believe that a jury would have to completely agree on one of these overlapping definitions of felony? So what if half the jurors thought it was F-1 felony, which says anything Texas calls a felony is a felony? Or let's say the other half of the jurors thought, well, no, he's a felon because he was convicted of something punishable by a year or more in jail. Your Honors, he would still be convicted in Texas state court because this is not divisible. The second way that this court, the U.S. Supreme Court, has talked about divisibility is in Descamps versus United States, a much more recent opinion. And there it characterizes it as, if you have multiple crimes that are contained within a single statute because you have elements in the disjunctive, well, then in that case we are willing to call it divisible, and then you can narrow it down using the Shepard documents. But here we don't have multiple crimes in the Texas statute. Think about it, for example, from a double jeopardy perspective. Is it really possible that Texas prosecutors could seek a conviction of someone under one of the definitions of felony, get a not guilty verdict, and then reunite under a different definition of felony? I don't think there's ever been an example of that happening with unauthorized possession of a firearm. Now, another thing I think the government is going to argue today, it's something the government, an argument the government has advanced in the past, is that the language within Congress's definition of aggravated felony somehow creates a looser standard here. Specifically, it says an aggravated felony can be any offense that is described in 922G. Other sections say defined in, and the government is going to argue, I believe, that described in is a broader or looser standard than described in. But, Your Honors, just recently on May 19th of this year, the U.S. Supreme Court released an opinion in Torres v. Lynch, and I mentioned that in my 28J letter. And there it actually addressed the described in versus defined in debate. And the majority opinion said it depends upon context. It says it's really a battle of dictionaries. You can find a dictionary that says described in is just as strict as defined in. You could also find a dictionary that says perhaps it's a looser standard. But it said that you have to rely on context, and here's the context that the U.S. Supreme Court found. They said the context is really the distinction between substantive elements and the jurisdictional element in 922G1. And they said, yes, of course, with respect to the jurisdictional requirement, we're going to say that that's a looser standard. But they by no means said that with respect to the substantive elements, it is a looser standard. And I want to tell you also that if you actually look to the text of that statute, it becomes clear why they use different language. I've actually had it highlighted here, and described in is used 16 times. Defined in is used five times of the 80 crimes that's listed in the aggravated felony definition. What do they have in common? Defined in is always used when it's referencing a definition. Described in is used when it's referencing a statute that's not a definition. And it wouldn't make grammatical sense to say that unauthorized possession of a firearm is defined in 922G1 because it doesn't define what unauthorized possession of a firearm is in Texas law. Instead, it's described in, and we will stand very strong today on a position that described in and defined in with respect to the substantive elements are synonymous in this case. And when we apply the categorical approach, looking at are the elements of the Texas statute broader than the elements of the federal statute, the answer is unequivocally yes. And I want to say just, this is an example we've shown today. You can be, you can have a conviction of a misdemeanor and possess a pellet gun and in Texas state court you can be successfully prosecuted for unauthorized possession of a firearm. That would be absolutely impossible under federal law. And it's for these reasons, your honor, I want to reserve the rest of my time for rebuttal and we ask that this court reverse and remand for re-sentencing. Thank you. Thank you, sir. Mr. Portugal. May it please the court, Brian Portugal for the United States. I apologize for my voice, I have a cold. Six and a half years ago in Nieto Hernandez v. Holder, this court held that the Texas offense of unlawful possession of a firearm was described in 18 U.S.C. section 922G for purposes of the Immigration and Naturalization Act's definition of an aggravated felony. The court held that there were two substantive elements of the Texas statute, first a prior felony conviction and second possession of a firearm. The court held those same elements are present in 922G and therefore the Texas offense was described in 922G. That was the holding of the case because it was necessary to find that Mr. Nieto Hernandez was not eligible for discretionary cancellation of removal. It applies and is binding here and appellant's second issue is therefore foreclosed. Nevertheless, Mr. Castillo-Rivera says that Nieto Hernandez is not controlling and that a categorical approach applies. He says that the modified categorical approach is not available because the statute is divisible only as to means and not as to elements. I would note first that that argument was raised for the first time in his reply brief. He did not advance that argument in the court below and therefore that argument is waived on appeal. I would also like to note that that very question whether a statute is divisible as to means as opposed only to elements is pending before the Supreme Court right now in a case called Mathis v. United States, docket number 15-6092. Nevertheless, even if the modified categorical approach was not available to the government in this case under the unique circumstances presented in this record, the court would still be able to tell that the only possible predicate felonies for Mr. Castillo-Rivera's unlawful possession of a firearm case were state jail felonies under Texas law. State jail felonies are punishable by imprisonment up to two years. They therefore qualify as a felony. Next, Your Honors, I would like to also raise the fact that in his presentation my friend at the bar for the first time at oral argument advanced the argument that the statutory definitions of firearm under state and federal law are different because of the use of the word explosive versus explosion or burning substance. I believe that argument is therefore also waived. Nevertheless, I don't find any distinction between explosive and explosion or burning substance. With those notes, Your Honor, if the court has no questions, I'm happy to rest on my brief and cede the remainder of my argument. I would ask the court to affirm the judgment below. Thank you. Thank you, sir. Your Honor, I'd like to make two, possibly three points on rebuttal. First, the government has alleged that Nieto Hernandez versus Holder, a case out of this court in 2009, has foreclosed our argument. But, Your Honors, the focus of Hernandez versus Holder was just on the issue of the jurisdictional element. That's the same focus that we saw in Torres versus Lynch before the Supreme Court. And I want to say there's two, there's a case out of the Supreme Court that I think is, Your Honor, waiting on Mathis would be helpful as to half of the argument I'm presenting today. Mathis is helpful as to the definition of felony, as to whether it's broader, because it does has three different ways of defining it. But whether the definition of firearm is broader would be unaffected by Mathis. And speaking of Mathis, because that. Your Honor, we don't have to wait long. If this court waits for Mathis. What's that? It could be today, actually. I think they're scheduled possibly to release opinions. And that could affect one of the arguments. But both of the arguments that I'm advancing today are independently sufficient. So if this court believes that the definition of firearm is broader, which it is, then it can reverse on that basis alone. Now, Your Honor, Mathis deals with divisibility. And the government has asserted today that we have waived the issue of saying something is not divisible. What the government is confused on is that it's the government's burden to prove divisibility. It's not our burden to disprove divisibility. It's either divisible or it's not irrespective of what we say. And that's from United States versus Constante, a case out of this court, which said the government not only has to prove a statute is divisible, they have to identify which provision applies. And then they have to show that that's either a categorical match or narrower than the federal statute. And none of the definitions of felony actually do that in this case. And the government is wrong to place the burden on defendant to disprove divisibility in every case. I mentioned that in my reply brief because in their response brief, they bring up the issue of divisibility. I'm not going to disprove everything I think they're about to say. Your Honor, the government has also asserted that we have waived the issue of whether there's a distinction between explosive and explosion or the way in which we're articulating the breadth of the state firearm definition versus the federal firearm definition. And I want to say that if you look at our briefing, we very clearly assert that the state definition, the definition in the statute, we cite the statute is broader than the federal definition. We cite Mosley and we cite Boston for that premise. The reasoning of those cases is the or explosion or burning substance. Now, the government has said that the government doesn't really see a difference between explosion or explosive. Well, Texas certainly sees a difference. In fact, that difference is what led to the conviction of Mr. Boston in Boston versus state where the court said, well, a puff of air can be an explosion. And it says burning substance after the or that means that the explosion doesn't have to be a burning substance. So it's certainly a difference that matters to Texas. But the government's absolutely right. That's not a difference that matters in federal court. Under federal law, it has to be combustible. It has to be an explosive. There is a serious difference of breadth in the definition of firearm. It's not something we've waived. We've raised it from day one in the trial court and in the briefing before this court. And there's a serious difference in how the courts treat a prior conviction. So on both of the elements, your honor, we have see a problem of categorical breadth. And I want to finish today. I've got about a minute left by saying at the beginning of the government's brief, the government lists a whole series of bad things that Mr. Castillo Rivera has done in his life. And perhaps that was to couch this case in emotional terms. And I stand here before you, your honors, to tell you that Mr. Castillo Rivera is no angel. But at the same time, he's not an aggravated felon. Thank you, your honor. Thank you, Mr.